## No. 8187.

SUCCESSION OF MARY L. TABOR, WIFE OF JAMES R. DEVALL.

33 343
52 1917

The right of creditors of a succession to have the property thereof sold by the Executor to pay their claims, is absolute and in no manner dependent upon, or to be preceded by, an Account of administration or Tableau of distribution.

A PPEAL from the Twenty-third Judicial District Court, parish of West Baton Rouge. *Cole, J.*

*Barrow & Pope* and *H. L. Edwards* for Plaintiffs and Appellants.

*Herron & Beale* for Defendants and Appellees:

A creditor cannot force the sale of all the property of a succession, without first provoking the rendition of an account by the executor. R. C. C. 1668; 16 L. R. 74; 10 A. 224.

The opinion of the Court was delivered by

POCHÉ, J.    The Police Jury of West Baton Rouge and Widow George C. Laurison, judgment creditors of the succession of Mary L. Devall, proceeded by rule against the executor and the heirs of the succession for an order directing the sale of succession property for the payment of their judgments.

Appearance was made by the heirs alone, who urged that plaintiffs' demand was premature, and could not be enforced before the filing of an account by the executor, who had never yet presented an account of administration. They urged that the succession had been opened in 1871, at which time it contained real estate valued at $17,430, and movable property valued at $34,294. And that *non constat* that the debts could not be paid without the sale of property for that purpose. This defense was maintained by the District Judge, and plaintiffs have appealed. The judge *a quo* has not favored us with the reasons which led him to the conclusion which he reached, and we would be curious to

be informed as to the authority or precedents on which he based his decree.

The right of creditors of all successions, whether vacant or administered by administrators or executors, to enforce the payment of their claims by the sale of succession property, is absolutely recognized and clearly defined by our Code of Practice, Arts. 990, 991, 992.

These unambiguous provisions of law contain no language or reservation to justify the conclusion that the application of the creditor must be preceded by, or predicated upon, an account of administration or tableau of distribution, by the executor or administrator of the succession. It is the first and paramount duty of executors and administrators to watch over the interest of creditors, and to see to, and provide for, the payment of their just claims against the successions which they represent, and to that end they are vested by law with full power to provoke the sale of the personal, and if need be, the immovable property of the succession. C. C. 1668, 1670; 2 An. 925; 18 An. 63.

And in case of the failure of the executor or administrator to comply with his plain duty as directed by the salutary provisions pointed out above, the creditors have then the compulsory remedy provided for in the Code of Practice.

And when the claims of any creditors have ripened into judgments, as is the case with plaintiffs in this rule, it is not a violent presumption to suppose, and even to conclude, that the executor has no funds wherewith to pay their judgments; and the law does not require the creditors to incur the additional delay, to be occasioned by proceedings against the executor or administrator for the rendition of an account, as a condition and precedent to the exercise of a right unconditionally granted to them by law. 22 An. 371; 9 An. 107; 7 An. 231; 10 R. 458.

If, as suggested by defendants, the executor had funds sufficient to meet the demand of the complaining creditor, it was his duty to urge and prove such a plain defense, and the demand of the creditor would be easily and summarily disposed of. Defendants earnestly contend that under Art. 1688 of the Civil Code, the executor's authority to sell property, etc., can be exercised only "in default of funds sufficient to discharge the debts and legacies of sums of money," and that, therefore, the demand for such sale at the instance of a creditor must be preceded by an account of the executor, showing that he has no funds wherewith to pay the debts due by the succession. But this is a *non sequitur*. In the case of a sale provoked by the executor, the law wisely provided that he should not have recourse to such a proceeding, as long as he had funds sufficient to discharge the debts and moneyed legacies, and the law presumes knowledge in him of the existence or absence of such

funds, and, therefore, imposes the absence of such funds as a condition precedent to the sale of property.

But under the articles 990, 991 and 992 of the Code of Practice, defining the rights of creditors in the enforcement of their claims, no such condition is imposed, or even mentioned.

The failure of the executor in this case, where the succession has been under his administration since 1871, to pay the amounts due to creditors, creates the presumption that he had no funds to meet the payment of these judgments, and makes it incumbent on him and on the heirs to rebut such presumption, or else they must fail in their resistance to the creditors' just and legal demand.

The judgment of the lower court is manifestly erroneous, and must be set aside.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and proceeding to render such judgment as should have been rendered, it is ordered that the rule taken by the Police Jury of West Baton Rouge and Widow G. C. Laurison, against the executor and heirs of the succession of Mary L. Devall, be made absolute, and that as much of the property of said succession as may be necessary to pay the debts of the same, be sold at public auction according to law, and that the costs of these proceedings in both courts be borne by said succession.